**BOWYER & JOHNSON, INC., Appellant,**

v.

**R. E. SANDERS, Appellee.**

**No. 17677.**

United States Court of Appeals
Fifth Circuit.

Oct. 30, 1959.

Chester L. Sumners, Oxford, Miss., Leslie Darden, New Albany, Miss., Floyd W. Cunningham, Booneville, Miss., Sumners & Hickman, Oxford, Miss., Smallwood, Darden & Sumners, New Albany, Miss., for appellant.

J. A. Cunningham, Cunningham & Cunningham, Booneville, Miss., for appellee.

Before RIVES, Chief Judge, and BROWN and WISDOM, Circuit Judges.

RIVES, Chief Judge.

■ This is an action for personal injuries and property damage against a highway construction contractor. The car in which the plaintiff was riding left the highway at a point where construction was in progress and struck a nearby tree, practically demolishing the automobile and turning the twenty-seven year old plaintiff into a "vegetable man." The case was tried to the court without a jury. Upon full findings of fact and conclusions of law, the district court rendered judgment for the plaintiff in the amount of $68,500.00.

There is no contention that the damages awarded are excessive, if the district court did not err in finding the defendant guilty of negligence which proximately caused the injuries, or in failing to find the plaintiff guilty of contributory negligence. The appellant urges that the district court erred in each of those two respects and in denying the defendant's motion for a new trial.

The case is governed by well-recognized principles of law as to which there is no substantial dispute. Essentially, the appellant asks this Court to set aside the findings of fact of the trial court as clearly erroneous, notwithstanding the superior opportunity of the trial court to judge of the credibility of the witnesses. See Rule 52(a), Federal Rules of Civil Procedure, 28 U.S.C.A.

We have carefully read and studied the testimony. In our opinion, the district court's findings of fact are not clearly erroneous. The district court found the evidence insufficient to prove that McManus, the driver of the plaintiff's automobile, was guilty of any negligence. In view of that finding, it is not material that, if McManus had been guilty of negligence, such negligence should have been imputed to the plaintiff.

■ McManus, the driver and only eye witness other than the plaintiff, did not testify. The record is silent as to why his testimony was not offered by either party, or as to any efforts to subpoena him as a witness or to take his deposition. It was for the district court to determine the inferences, if any, to be drawn from such failure. See Jones on Evidence, 5th ed., § 29 at 63; 31 C.J.S.

Evidence § 156(c), p. 853. Finding no error of fact or law in the record, the judgment is

Affirmed.